UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

### CHAPTER 13 PLAN

IN RE:                              )
JASON E. CLARK                      )    Case No. 10-14166 BLS
MEGHAN K. CLARK,                    )    Chapter 13
        Debtors.               )

**NOTICE TO ALL CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE SUBJECT TO DEL.BANKR.L.R. 3023-1**

    1.   The future earnings of the debtor are submitted to the supervision and control of the court and the debtor (or debtor's employer) shall pay to the trustee the sum of $1155.00 for sixty (60) months.

    2.   From the payment so received, after deduction of allowed trustee's commission, the trustee shall make disbursements as follows:
    (a)  Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. Section 507.

    (1)  Debtor's Counsel Fees: $2105.00; Attorney fees to be paid prior to other disbursements.

    (2)  Priority Taxes: 1) IRS in the amount of $4540.00 for 2009 taxes; 2)State of Delaware in the amount of $1880.00 for 2009 income taxes.
    (b)  Pro rata with dividends to priority creditors, holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

    (1a) Long term or mortgage debt- ARREARAGE ONLY, to be paid to WSFS Bank on the 1st mortgage $0.00 (total amount of arrears). Regular payments to be made directly by the debtor beginning January 2011.
    (1b) Long term or mortgage debt- STRIP CLAIM: WSFS  Bank, the holder of a second mortgage on the debtor's residence, is to be treated as an unsecured creditor, as, after allowing for the total due on the first mortgage, there is no equity on which WSFS Bank's lien can attach.  Confirmation of the Debtors' chapter 13 plan shall constitute a finding that the debt owed to WSFS Bank is, for purposes of the Debtors' chapter 13 bankruptcy, unsecured, and, upon discharge, WSFS Bank shall be required to promptly satisfy the mortgage on the debtor's property.
    (1c) Long term or mortgage debt- STRIP CLAIM: BRR Carey, Inc., the holder of a second mortgage on the debtor's residence, is to be treated as an unsecured creditor, as, after allowing for the total due on the first mortgage, there is no equity on which BRR Carey, Inc.'s lien can attach.  Confirmation of the Debtors' chapter 13 plan shall constitute a finding that the debt owed to WSFS Bank is, for purposes of the Debtors' chapter 13 bankruptcy, unsecured, and, upon discharge, BRR Carey, Inc., shall be required to promptly satisfy the mortgage on the debtor's property.

**CHAPTER 13 PLAN**

| | | |
|---|---|---|
| IN RE: | ) | |
| JASON E. CLARK | ) | Case No. 10-14166 BLS |
| MEGHAN K. CLARK, | ) | Chapter 13 |
| Debtors. | ) | |

(2a)   Secured debt – Payments to: Suntrust Bank on the 2009 VW Jetta in the total amount of $24850.00 which represents THE PAYOFF PLUS 4.25% interest. *NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED **HEREIN** AS A SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. SECTION 1327 AND CONFIRMATION OF THE PLAN WILL BE CONSIDERED A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM UNDER 11 U.S.C. 506(a);* (Upon discharge, ALL secured creditors WILL return titles to the Debtor's vehicles FREE AND CLEAR of liens.) (Debtors shall maintain insurance to the extent of the value as listed and shall be paid only as creditors' interest may appear.)

(2b)   Secured debt – Payments to: Suntrust Bank on the 2006 Chevrolet Box Truck in the total amount of $26322.00 which represents THE PAYOFF PLUS 4.25% interest. *NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED **HEREIN** AS A SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. SECTION 1327 AND CONFIRMATION OF THE PLAN WILL BE CONSIDERED A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM UNDER 11 U.S.C. 506(a);* (Upon discharge, ALL secured creditors WILL return titles to the Debtor's vehicles FREE AND CLEAR of liens.) (Debtors shall maintain insurance to the extent of the value as listed and shall be paid only as creditors' interest may appear.)

(3)   Other secured debt(s) to be treated as follows: United Consumer Financial in the amount of $3310.00 for a Rainbow vacuum.

(c) Subsequent to dividends to secured creditors, dividends to unsecured creditors whose claims are duly proved and allowed as follows: General unsecured creditors will be paid a pro rata amount of their allowed claim. (Est. 0.00%)

If distribution to unsecured creditors is <100% under the confirmed plan, should Debtor(s) sell/refinance real estate during the plan term, Debtor(s) agree the net equity realized shall be subject to distribution to creditors pursuant to modification requirements 11 U.S.C. 1329.

3.   (If applicable) The following leases or executory contracts of the debtor will be treated as follows: N/A.

4.   Title to the debtor's property shall revest in the debtor on confirmation of the plan.

5.   A proof of claim must be filed in order to share in distribution under the plan. Proofs of claim in duplicate shall be delivered or mailed to Clerk, United States Bankruptcy Court, 824 Market Street, Wilmington, DE 19899. (Copies should be mailed to Nina Pappoulis, Esquire, 2072 Limestone Road, Wilmington, DE 19808).

Date: 12/29/10      /s/ Jason Clark       /s/ Meghan Clark
                    Debtor                Joint Debtor

/s/ Christina Pappoulis
Attorney for Debtors

**PLAN ANALYSIS**

Debtor: JASON  AND MEGHAN CLARK                    Case #: 10-14166 BLS

Prior: Bankruptcy ( )  Chapter 13 ( )           Date:

Estimated length of plan sixty (60) months.    Trustee Use

                                          341 Meeting Date: _____

                                          Continued: _____

                                          Confirmed Date: _____


TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES

```
A. TOTAL PRIORITY CLAIMS (Class One)
    1. Unpaid attorney's fees...............................$2105.00
    2. Taxes ..........................................$6420.00
    3. Other ..........................................$
B. TOTAL OF PAYMENTS TO CURE DEFAULTS (Class Two)...........$    0.00
C. TOTAL OF PAYMENTS ON SECURED CLAIMS (Class Three).........$54482.00
D. TOTAL OF PAYMENTS ON UNSECURED CLAIMS (Class Four)........$    0.00
E. SUBTOTAL .................................................$63007.00
F. TOTAL TRUSTEE'S COMPENSATION (10% of debtor's payments)...$ 6300.70
G. TOTAL DEBT AND ADMINISTRATIVE EXPENSES ...................$69307.70
```
_____

RECONCILIATION WITH CHAPTER 7

```
H. INTEREST OF CLASS FOUR CREDITORS IF CHAPTER 7 FILED
    1. Value of debtor's interest in non-exempt property ........$
    2. Plus: value of property recoverable under avoiding powers $
    3. Less: estimated chapter 7 administrative expense .........$
    4. Less: amounts payable to priority creditors other than
           costs of administration ...........................$
    5. Equals: estimated amount payable to Class 4 creditors
             if Chapter 7 filed (if negative, enter zero) .....$
I. ESTIMATED DIVIDEND FOR CLASS FOUR UNDER CHAPTER 7 ............$
J. ESTIMATED DIVIDEND UNDER PLAN.................................$
```

/s/Christina Pappoulis, Esquire        /s/ Jason E. Clark
Christina Pappoulis                    Debtor
Attorney for Debtor(s)

                                          /s/ Meghan K. Clark